---

## AS TO CHARGES FOR LIGHTING SHERIFF'S RESIDENCE.

Circuit Court of Wood County.

STATE OF OHIO, EX REL THE L. E., B. G. & N. RAILWAY CO. v. F. W. TOAN, AUDITOR.

Decided, May 13, 1910.

*Counties—Sheriff's Residence—Lighting of, Can Not be Included in Charge for Lighting Jail—What Constitutes a Jail—Furnishing Supplies for—Sections 2850 and 3177, General Code.*

County commissioners are without authority to provide for the expense of lighting that part of the county jail which is used by the sheriff as a residence.

Brief of William Dunipace,. Prosecuting Attorney of Wood County.

This is a suit in mandamus brought by the L. E., B. G. & N. Railway Co. for the payment of $94.92 on a bill for electric lights, furnished to the Wood county court house,. jail and sheriff's residence. The bill was ordered paid by the commissioners but the auditor refused to issue his warrant therefor, claiming that the sheriff's residence was not a part of the county jail and therefore it would be illegal to pay this bill.

This case was submitted to the common pleas court on an agreed statement of facts and the mandamus was sustained.

This question was first brought to the attention of the county in the reports of the inspectors sent out by the state bureau of accounting on March 1, 1906, of which the following is a copy:

"Section 2850, General Code (1235, Revised Statutes), provides that 'the sheriff shall be allowed by the county commissioners not less than forty-five cents (45c) nor more than seventy-five cents (75c) per day for keeping and feeding prisoners in jail,' etc., and Section 3177, General Code (7378, Revised Statutes), provides that 'the county commissioners, at the expense of the county, shall provide suitable means for warming the jail and its cells and apartments, frames and sacks for beds, night buckets, fuel, bed clothing, washing, nursing when required, and such fixtures and repairs as may be required by the court.' Hence any supplies for the jail other than those specifically mentioned in said sections, even light and water, should have been supplied by the sheriff and not by the county. In Wood county water is furnished the court house and jail under yearly contract, hence your examiners could not show how much of the cost should have been borne by the sheriff. This water is furnished the court house and jail at $600 per year."

In support of the contention of the defense, we have the following opinion by Attorney-General Kohler, which is direct upon the subject:

"Your favor of yesterday to hand. I have carefully examined the inquiry you have presented, and can find no statute or decision in any court in this state making it obligatory upon the county to furnish light and fuel for the residence of the sheriff of the county.

"The statutes provide for the keeping and support of the prisoners in the custody of the sheriff, and the expense thereof, with the limitations prescribed, must be at the expense. of the county; but the supplies therein provided for can not be used in the residence proper of the sheriff.

"I, therefore, give it as my best judgment that county commissioners are not authorized in paying expenses incident to the lighting and heating of the residence of the sheriffs in the state."

There is no statute authorizing the building of a residence for the use of the sheriff in connection with the jail. The only reference we have to this is in the 93d O. L., 465, which was a special act passed by the Legislature authorizing Lucas county to build a sheriff's residence in connection with its jail. It has been argued that for the convenience and proper discharge of his duties, a residence in connection with the jail is necessary. But in answer to this we have the well known rule that where duties are imposed upon a public official and there is no provision made for the payment of such services, it is presumed to be gratutious by such public official. See *In re Lease,* 4 C. C., 3.

Section 2850, General Code (1235, Revised Statutes), is for services required under Section 7379, Revised Statutes, and no other or further compensation for such services is provided for or contemplated by the latter.

As to what is a jail, 23 Cyc., 372, which cites *Burroughs* v. *Lowder,* 8 Mass., 372:

"Where the sessions had assigned certain apartments in the jailor's house, which was in the limits of the jail-yard, his chambers and lodgings, of debtors having the liberty of the yard and such debtor had passed his evenings in chamber of the same house with the permission of the sheriff and jailor, but had always slept in one of the rooms assigned by the sessions, he was held to have committed an escape in the condition of his bond." Affirmed, *Clap* v. *Coffner,* 10 Mass., 372.

The jail is a place of confinement used for detaining prisoners. *Welsh* v. *State,* Texas App., 8 S. W., 657.

Here we see the strictness with which other states have ruled upon the question of what constitutes a jail.

There is no authority in the law for the county to build a residence proper for the sheriff. All supplies for his residence such as light, water, heat, furniture and furnishings should be supplied by the sheriff; otherwise if it were proper for light to be furnished, it would be proper to provide all of the above mentioned furnishings. It is not any more lawful to provide conveniences for the sheriff's residence than it would be to provide conveniences for other county officials, whose work and time keeps them in the court house continuously.

*B. F. James* and *J. E. Kelley,* for the relator.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

In this action the relator, the Lake Erie, Bowling Green & Napoleon Railway Company, on January 26th, 1910, filed its petition and made application for the allowance of a writ of mandamus against Fred W. Toan, as auditor of Wood county, Ohio, and an alternative writ was issued and the defendant was required to show cause why a warrant should not be issued by the auditor upon the treasurer of said county for the sum of $94.82 in favor of said relator.

The respondent filed his answer and set up that while the bill for lighting was correct in other respects, it was not correct in respect to the ten dollars, in that it covered the lighting of the entire jail building, and inasmuch as a considerable portion of the jail building was occupied by the sheriff as a residence, that that portion of the jail building should not be included in the bill, and that this ten dollars so charged made the bill erroneous, and for that reason the auditor should not be required to draw his warrant for the amount of the bill as presented.

To this answer a demurrer was filed, and the demurrer was sustained, and the defendant not caring to plead further, the case was submitted, and the court of common pleas held in favor of the relator and ordered the auditor to draw his warrant for the full amount of the bill, $94.82.

It was stated that when the case was to be submitted it would be submitted on a brief furnished by the prosecuting attorney

on behalf of the auditor, and that the relator would rest his case on the opinion of the court of common pleas. Counsel for the relator was not able to get the written opinion of the court of common pleas, nor was the court able to find it, so we simply heard from Judge Baldwin himself the grounds upon which this order was entered. No authorities were cited in support of the opinion rendered.

Judge Baldwin treated the term "jail" as described in the statute as being broad enough—comprehensive enough in its proper definition—to include that portion of the jail building used as the residence of the sheriff, and consequently the statutory authority for furnishing light for the jail was broad enough to justify furnishing light for the residence portion of the jail, and that being his view of the situation, he ordered the writ to issue.

There is no case in Ohio that we know of in which this question has been directly raised and decided. We do not know of any authority under the statute for authorizing the lighting of any portion of the jail, other than that which is properly designated as a jail, and while we might be in accord with Judge Baldwin's opinion as to what the definition of "jail" is, at the same time we are inclined to think that the decision reached in this case is not warranted under the statute. As I have said, we know of no statute, no authority that would justify the lighting of the sheriff's residence. It is true, that in most counties the jail buildings are so built as to furnish a residence for the sheriff, and so far as our information goes in no county is the sheriff expected to pay anything as a rental for the building which he occupies. It is furnished to him by the county in that way, but we can see no reason why the county should pay for the lighting of the residence part of the jail simply because it happens to be under the same roof, any more than the county should pay for it if it were in a separate building.

It might be wise for the Legislature to so provide, but they have not done so, and without some authority upon the subject we do not feel warranted in entering the order here that the auditor should issue his warrant for the full amount of the bill.

We think the plaintiff should have leave to reply to this answer if it wishes to and present the question as to whether the amount set up here in the answer is applicable to the residence portion of this jail is in fact the correct amount or not. It is not apparent to us whether it is or not because there is no reply to the allegation.

The demurrer will be overruled and the plaintiff can file a reply.